UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derrick Hills,

   Plaintiff,

v.

Loretta Lynch,

   Defendant.

Case: 1:16-cv-01370   (F-Deck)
Assigned To : Unassigned
Assign. Date : 6/29/2016
Description: Pro Se Gen. Civil

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. He is serving a 46-month sentence imposed after a jury in the U.S. District Court for the Eastern District of Michigan convicted him of five counts of criminal contempt. *See* Compl. at 1, 5 (page numbers supplied). Plaintiff alleges that the sentencing court lacked jurisdiction because the appointment letter of the Special Assistant United States Attorney who prosecuted him was signed by a United States Attorney instead of the United States Attorney General. Plaintiff seeks declaratory and injunctive relief, including his "immediate release," and an unspecified amount of compensatory and punitive damages. *Id.* at 5.

Because plaintiff's success would necessarily invalidate his sentence, his claims are not "cognizable unless and until he meets the requirements of *Heck*" by having the sentence

1

invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also id.*, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration'"). Nothing in the complaint suggests that plaintiff's sentence has been invalidated. On the contrary, this Court recently transferred plaintiff's petition for a writ of habeas corpus to the Western District of Pennsylvania. *See Hills v. Lynch*, No. 16-1072 (UNA) (D.D.C. Jun. 8, 2016), appeal pending, D.C. Cir. No. 16-5178. Consequently, this action will be dismissed without prejudice for failure to state a claim. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June 27, 2016